## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALFRED ALONZO MAYO,** | : | |
| | : | |
| **Plaintiff** | : | **Civil No. 3:13-CV-1174** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **JOHN WETZEL, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

The plaintiff, Alfred Mayo, is a state inmate who commenced this action by filing a complaint in May of 2013, (Doc.1.), a complaint which Mayo subsequently amended in October 2013.  (Doc. 10.)  In this amended complaint Mayo brought various federal civil rights claims under 42 U.S.C. §1983, alleging that he had been subjected to conditions of confinement which constituted cruel and unusual punishment in violation of the Eighth Amendment, and had also been forced to endure numerous acts of retaliation as a result of the exercise of his First Amendment rights.  (Id.)  This amended complaint named more than three dozen defendants in these constitutional tort claims, including two private persons, William Dimascio, Esq., the Director of the Pennsylvania Prison Society, and an associate of Mr.

Dimascio's at that organization named Ms. McCallum.  (Doc. 10, ¶¶166-172.)

As to these two private persons, Mayo alleged that Ms. McCallum met with him in April 2013, and discussed his allegations against various correctional officials, but told Mayo that she did not believe his claims.  (Id.)  Mayo's allegations against the second private person named in this amended complaint, Mr. Dimascio, are even more cursory and spare.  As to Mr. Dimascio, Mayo simply alleges that Ms. McCallum worked for Dimascio and that Dimascio did nothing when Mayo protested to Dimascio that Ms. McCallum did not believe his various prior complaints.  (Id.)

Mayo previously sought, and received, leave to proceed *in forma pauperis* in this matter.  As a *pro se* inmate litigant who is prooceeding *in forma pauperis,* Mayo's amended complaint is, thus, subject to screening by the court to determine whether it states a claim upon which relief may be granted.  This case was reassigned to the undersigned on May 26, 2015.  Upon the referral of this case, we have conducted an initial screening review of this amended complaint.  Based upon that review, for the reasons set forth below it is recommended that defendants McCallum and Dimascio be dismissed from this case.

II.     **DISCUSSION**

A.     **Legal Standards Governing Sufficiency of Civil Complaints**

This court has an on-going statutory obligation to conduct a preliminary review of complaints filed by inmate plaintiffs who seek leave to proceed *in forma pauperis,* and seek redress against government officials.  <u>See</u> 28 U.S.C. §§1915 and 1915A. Specifically, we  must assess whether a *pro se, in forma pauperis* complaint "fails to state a claim upon which relief may be granted."  This statutory text, in turn, mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years.  Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court

4

should "begin by identifying pleadings that, because they are no more than
conclusions, are not entitled to the assumption of truth." Id. at 679.  According to the
Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported
by mere conclusory statements, do not suffice." Id. at 678.  Rather, in conducting a
review of the adequacy of complaint, the Supreme Court has advised trial courts that
they must:

> [B]egin by identifying pleadings that because they are no more than
> conclusions are not entitled to the assumption of truth.  While legal
> conclusions can provide the framework of a complaint, they must be
> supported by factual allegations.  When there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain
more than mere legal labels and conclusions.  Rather, a complaint must recite factual
allegations sufficient to raise the plaintiff's claimed right to relief beyond the level
of mere speculation.  As the United States Court of Appeals for the Third Circuit has
stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to
> state a claim, district courts should conduct a two-part analysis.  First,
> the factual and legal elements of a claim should be separated.  The
> District Court must accept all of the complaint's well-pleaded facts as
> true, but may disregard any legal conclusions.  Second, a District Court
> must then determine whether the facts alleged in the complaint are

sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has also observed: "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead

to state a claim.' <u>Iqbal</u>, 129 S.Ct. at 1947.   Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' <u>Id.</u> at 1950.   Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' <u>Id</u>." <u>Santiago v. Warminster Tp.</u>, 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In our view, these pleading standards apply to all aspects of the court's threshold analysis of a complaint's legal sufficiency.   Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the amended complaint, and when examining whether a complaint properly invokes the jurisdiction of this court.

**B.**   **Mayo May Not Pursue Federal Civil Rights Claims Against Private Persons**

In this amended complaint, the plaintiff makes a number of wide-ranging claims against more than three dozen defendants, including two private persons associated with the Pennsylvania Prison Society, Ms. McCallum and Attorney Dimascio, the Society Director.  Thus, with respect to these two defendants, in this amended complaint Mayo seeks to sue private persons for various federal civil rights violations, including a prison society attorney who may have tried to assist him.

This he may not do.  Simply put, Mayo may not bring such claims against private parties as civil rights violations pursuant to 42 U.S.C. §1983.  It is well-established that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions.  Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States.  Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393-94 (1989).  Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff.

In this regard, it is also well-settled that:

Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law.  The two essential elements of a § 1983 action are:  *(1) whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of a federally protected right.  Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Boykin v. Bloomsburg University of Pennsylvania, 893 F.Supp. 409, 416 (M.D.Pa. 1995), aff'd, 91 F3d 122 (3d Cir. 1996)(emphasis added).  Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendant was acting under color of law when that defendant allegedly violated the plaintiff's rights.  To the extent that a complaint seeks to hold private parties liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are state actors.  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

This principle applies with particular force to civil rights plaintiffs who may invite the courts to consider lawsuits against attorneys who may have tried to assist them.  With respect to this state action requirement, it is well-settled that the conduct of an attorney, endeavoring to assist a potential client in a case, does not by itself rise to the level of state action entitling a state prisoner to bring a federal civil rights actions against his own prior counsel.  See, e.g., West v. Atkins, 487 U.S. 42, 50 (1988); Polk County v. Dodson, 454 U.S. 312 (1981); Pete v. Metcalfe, 8 F.3d 214

(5th Cir. 1993).  As we have previously noted: "Private attorneys . . . are generally not considered state actors for § 1983 purposes when acting in their capacities as attorneys.  See Angelico, 184 F.3d at 277 (citing Polk County v. Dobson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)) ('[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.')."  Catanzaro v. Collins, CIV. A. 09-922, 2010 WL 1754765 (M.D. Pa. Apr. 27, 2010) aff'd, 447 F. App'x 397 (3d Cir. 2011).

These principles control here and compel the dismissal of these private persons form this lawsuit.  Essentially, Mayo alleges that his federal civil rights were violated, when a private group, the Pennsylvania Prison Society, acting through private party, Ms. McCallum, concluded that his claims were not credible, and the Society, through another private person, its director Mr. Dimascio, took no further action after Mayo complained when he had not been believed.  In the absence of some further well-pleaded facts, Mayo may not convert his dissatisfaction with the fact that these private parties met with him, listened to his allegations, but then professed that they did not believe him into a federal civil rights lawsuit.  In short, it is not a federal civil rights violation for a private person to conclude that someone is not worthy of belief.

Thus, by any measure, Mr. Mayo's amended complaint fails to state a cognizable claim against defendants Dimascio and McCallum, members of the

Pennsylvania Prison Society, and private parties who simply are not subject to liability under 42 U.S.C. §1983.  We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  In this case, however, the plaintiff has not articulated any civil rights cause of action against either of these two private party defendants, and in our estimation the amended complaint itself demonstrates that the plaintiff's lawsuit provides no basis upon which relief could be granted against these defendants in federal court. Accordingly, we will recommend that the action be dismissed with prejudice as to defendants Dimascio and McCallum.

## III.   **RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED  that the court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) with respect to defendants Dimascio and McCallum.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the

disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 27th day of May, 2015.


***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge